| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| GARRICK A. HOLLANDER – State Bar No. 166316<br>ghollander@wghlawyers.com<br>WINTHROP GOLUBOW HOLLANDER, LLP<br>1301 Dove Street, Suite 500<br>Newport Beach, CA 92660<br>Telephone: (949) 720-4100<br>Facsimile: (949) 720-4111<br><br>☐ *Individual(s) appearing without attorney*<br>☒ *Attorney(s) for:* Vitality Health Plan of California, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>VITALITY HEALTH PLAN OF<br>CALIFORNIA, INC., a California corporation,<br><br><br>Debtor(s). | CASE NO.: 2:20-bk-21041-WB<br>CHAPTER: 11 |
|---|---|
| | **CHAPTER 11 STATUS<br>CONFERENCE REPORT (INITIAL)** |
| | <u>Case Status Conference</u><br>DATE: 02/25/2021<br>TIME: 10:00 am<br>COURTROOM: 1375 |

### INSTRUCTIONS TO THE DEBTOR(S)

(1) **Keep your answers brief but informative** (use continuation sheets if necessary, numbered to match the items in this report).

(2) **Do not use this form** (a) for later status reports, which should include only short updates, or (b) if the judge presiding over this case requires the use of a different procedure.

(3) You must file and serve this report **at least 14 days before** the status conference listed above.  Serve it on the Office of the United States Trustee and on any parties requesting special notice, or as otherwise directed by the court.

(4) <u>Failure to follow these instructions may result in dismissal of this case or other sanctions without further notice.</u>

*Definitions:* "Section" ("§") refers to a section of the Bankruptcy Code, Title 11 of the United States Code (11 U.S.C.); a "Rule" means one of the Federal Rules of Bankruptcy Procedure; "LBR" means the Local Bankruptcy Rules; and other terms have the meanings provided in the Bankruptcy Code, the Rules, and the LBR.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 1                                    **F 2081-1.1.C11.STATUS.RPT**

| A. OVERVIEW | |
|---|---|
| **1. Bankruptcy Petition** | Date filed: 12/18/2021 |
| **2. Background and Exit Strategy (discuss all below)** <br> a. The Debtor's business/employment; <br> b. principal assets/ liabilities (including possible avoidance actions, environmental liabilities, etc.); <br> c. what caused the bankruptcy; <br> d. exit strategy (for resolving the principal financial and legal issues); and <br> e. progress made toward consensual resolution of any disputed issues. <br><br> ***Example:*** "the Debtor owns a four-unit apartment building worth approx. $_____, 1st deed of trust approx. $_____, 2nd deed of trust approx. $_____.  The Debtor lives in one unit and is employed as building manager. Two tenants stopped paying rent.  Debtor plans to complete evictions, obtain paying tenants, and strip off second deed of trust." | Explain: <br> a. The Debtor owns and manages a full-service private Medicare Advantage HMO plan for the benefit of thousands of its Medicare-eligible members.  The Debtor employs approximately 33 employees and contractors in its Cerritos headquarters located in Cerritos, California.   The Debtor currently services Medicare-eligible members primarily in Santa Clara County and San Joaquin County, California. <br><br><br><br> ☒ See attached continuation page(s). |
| **3. Petition Document Compliance** <br> a. Has the Debtor filed *all* bankruptcy schedules, the Statement of Financial Affairs ("SOFA"), and *all* other documents required by 11 U.S.C. § 521, Rule 1007, and LBR 1007-1 (*e.g.,* any tax returns required by 11 U.S.C. § 521(f), with social security numbers, names of minor children, and other sensitive information blacked out per 11 U.S.C. § 107, § 112, or Rule 9018?); and <br> b. has the Debtor complied with *all* applicable guidelines established by the U.S. Trustee? <br> ☒ **Yes** | ☐ No (explain): <br><br><br><br><br><br><br><br> ☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 2081-1.1.C11.STATUS.RPT**

## B.  COMMON "FIRST DAY" MATTERS

| | |
|---|---|
| **1.  Cash Collateral Use (11 U.S.C. § 363(c))**<br> a.  Did the Debtor file a stipulation/motion for use of cash collateral (*see* local form F 2081-2.1.MOTION.CASH.COLLATERAL) with local form F 4001-2.STMT.FINANCE?<br> ☐ **Yes**<br> b.  Did the court approve the requested use of cash collateral?<br> ☐ **Yes** (see Order at docket no. _____).<br><br>☒ **No**, there is no cash that any entity can claim as its cash collateral. | ☒ No, other reason (explain):<br><br><br><br><br><br><br><br><br><br><br>☐ See attached continuation page(s). |
| **2.  Budget motion**<br>Has the Debtor filed a budget motion?  *See* Local Form F 2081-2.2.MOTION.BUDGET.<br><br>☐ **Yes**<br><br>☒ **No, not required by the presiding judge's procedures** | ☐ No, other reason (*explain*):<br><br><br><br><br>☐ See attached continuation page(s). |
| **3.  Insider compensation and transfers**<br>Has the Debtor paid any compensation or made any other transfers after this case was filed to or for the benefit of:<br> (1)  Any insider,<br> (2)  Any owner, partner, officer, director or shareholder of the Debtor, or<br> (3)  Any relative of an insider (as defined in 11 U.S.C. § 101(31))<br>except as permitted per LBR 2014-1 and Form USTLA-12?<br>☐ **No** | ☒ Yes (*explain*):<br><br>On 12/22/20, the Debtor filed two Notices of Setting Insider Compensation.  No opposiiton was filed. Accordingly, the Debtor is authorized to pay insiders compensation.<br><br><br><br><br><br>☐ See attached continuation page(s). |
| **4.  Automatic stay  (11 U.S.C. § 362(c)(3)&(4))**<br>Is the Debtor an individual who has had one or more bankruptcy cases dismissed within 1 year before this case was filed?<br><br>☒ **No**; or<br>☐ **Yes**, and, for one qualifying dismissal, the Debtor will have *"completed" a hearing* to continue the automatic stay within *30 days* after this case was filed under § 362(c)(3); or<br>☐ **Yes**, and, for two or more qualifying dismissals, the Debtor will have filed a motion to impose the stay within 30 days after this case was filed, under § 362(c)(4). *See* LBR 4001-2(e), and Local Form F 4001-1.IMPOSE.STAY.MOTION. | ☐ Other (*explain*):<br><br><br><br><br><br><br><br><br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

<table>
<tr><td colspan="2"><strong>B. COMMON "FIRST DAY" MATTERS</strong></td></tr>
</table>

| | |
|---|---|
| **5.** **Utilities (11 U.S.C. § 366)** (*see* Local Form F 2081-2.4.MOTION.UTILITIES)<br>    Was a utility motion:<br>    (1) *Filed* within 20 days after this case was filed and<br>    (2) *Set for hearing* within 30 days after this case was filed?<br>    ☐ **Yes**<br><br>    ☒ **No**, the Debtor has determined that no utility motion is needed | ☐ No, other reason (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |

**C. LIEN AVOIDANCE** ☒   **Check here and <u>skip this section</u>** if the Debtor does NOT contemplate any lien avoidance.

| | |
|---|---|
| **1.** **"Lien Stripping"**<br>Does the Debtor intend to avoid any unsecured or under-secured liens under 11 U.S.C. § 506 (including motions per *In re Lam,* 211 B.R. 36 (9th Cir. BAP 1997)("*Lam* motions"))?<br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br><br>☐ See attached continuation page(s). |
| **2.** **Judicial Liens** (see Local Form F 4003-2.1.AVOID.LIEN.RP.MOTION and 4003-2.2.AVOID.LIEN.PP.MOTION)<br>Does the Debtor intend to avoid any *judicial* liens under 11 U.S.C. § 522(f)?<br>☐ **No** | ☐ Yes (*explain*):<br><br><br><br><br>☐ See attached continuation page(s). |

**D. PROFESSIONALS** (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| *Professional's Name* | *Employment App. Filed* | *Employment Approved* | *Type of Employment* |
|---|---|---|---|
| Winthrop Golubow Hollander, LLP | 12/30/20 | 1/27/21 | General Insolvency Counsel |
| Wilshire Pacific Capital Advisors | 1/8/21 | 2/3/21 | Investment Banker/Financial Advisor |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 4                                    **F 2081-1.1.C11.STATUS.RPT**

**D. PROFESSIONALS** (see Local Forms F 2014-1.STMT.DISTINTEREST.PROF (statement of disinterestedness), F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL, and F 2081-2.5.MOTION.EMPLOY.OTHER)

| Professional's Name | Employment App. Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| The Litvak Law Group | 12/30/20 | 1/27/21 | Special litigation/corporate counsel |

☒ See attached continuation page(s)

| EXAMPLES: John Doe, Esq. | 1/1/2050 | 1/7/2050 | 11 U.S.C § 327(a) general bankruptcy counsel |
|---|---|---|---|
| Jane Roe et al., LLP | 1/4/2050 to UST, app. to be filed | | 11 U.S.C. §§ 327(e) & 328(a) (special counsel, contingent fee, contract dispute) |
| Richard Poe, Accountant | 1/3/2050 | Pending | 11 U.S.C. § 327(a) (accountant) |

**E. PROPOSED DEADLINES / PROCEDURES**

| | |
|---|---|
| **1. Proofs of claim filing deadline** The court will address the deadline to serve a bar date notice at the status conference. | Proposed claims filing bar date: 03/27/21 |
| **2. Plan of reorganization (or liquidation)** The court will address plan-related procedures at the status conference. Debtor should be prepared to discuss time estimates for filing a proposed plan and disclosure statement. | Proposed deadline to file a proposed plan and disclosure statement: 06/04/21 |
| **3. Special Plan Procedures** Does the Debtor propose special procedures in connection with any plan or disclosure statement, such as a combined hearing on final approval of the disclosure statement and confirmation of the plan (11 U.S.C § 105(d)(2)(B)(vi))? ☐ **No** | ☒ Yes (explain): Based on the support from its creditors thus far and the relatively simple solution that the Debtor anticipates for this case, the Debtor believes that the circumstances warrant a combined plan/DS. ☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 5                    **F 2081-1.1.C11.STATUS.RPT**

**NOTE TO THE DEBTOR: YOU MUST ANSWER ALL APPLICABLE QUESTIONS ON THE ATTACHED PAGES**, which deal with very important but less common issues in Chapter 11 cases, such as more "first day" matters, and cases that might be "single asset real estate" cases, or involve "small businesses," or "health care businesses".

Date: 02/11/2021                    Respectfully submitted,


/s/ Garrick A. Hollander
_____
Signature of: (1) Debtor's Attorney or (2) Debtor(s)


Garrick A. Hollander
_____
Printed name

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PART II: ADDITIONAL QUESTIONS

**INSTRUCTIONS:**   The following matters may not apply in every case, but are very important if they apply to your case.  **You must complete every section.**

---

**A.  LEASES AND CONTRACTS** ☐ **Check here and <u>skip this section</u>** if the Debtor is NOT a party to any unexpired leases or unexpired ("executory") contracts (*e.g.,* if the Debtor is a landlord or a tenant).

**NOTE:** *This Status Report is a statement of the Debtor's present intention. It is <u>not</u> equivalent to a motion (if one is required).*

| | |
|---|---|
| **1.   Lease or contract (*describe*):**<br><br>18000 Studebaker Road, Suite 150<br>Cerritos, CA 90703<br>Leased Commercial Offices<br><br>☐ See attached continuation page(s). | **Intention:**<br>☐ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☒ Other (*explain*):<br>  See #3<br><br>☐ See attached continuation page(s). |
| **2.   Lease or contract (*describe*):**<br><br>3558 Deer Park Drive, Suite 101<br>Stockton, CA 95129<br>Leased Commercial Offices<br><br>☐ See attached continuation page(s). | **Intention:**<br>☐ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☒ Other (*explain*):<br>  See #3<br><br>☐ See attached continuation page(s). |
| **3.   Lease or contract (*describe*):**<br><br>The Debtor intends to sell its business and does not know which of the approx 100 executory contracts a buyer may want, and thus, is not in a position to articulate its intention at this time.<br><br>☐ See attached continuation page(s). | **Intention:**<br>☐ Reject<br>☐ Assume<br>☐ Assume and assign (per 11 U.S.C. § 365)<br>☒ Other (*explain*):<br><br><br>☐ See attached continuation page(s). |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**B.  ADDITIONAL "FIRST DAY" MATTERS** ☐ **Check here and <u>skip this section</u>** if there are NO "first day" matters (caution: double-check the types of motions listed below and read LBR 2081-1).

| | |
|---|---|
| **1.  Immediate Payment of Payroll**<br>Does the Debtor need to pay prepetition payroll/benefits (see Local Form F 2081-2.3.MOTION.PAYROLL)?<br><br>☐ **No**, the Debtor does not have employees/qualified independent contractors; or<br><br>☐ **No**, the Debtor's workers were paid in full in cash at the time this case was filed. | ☒ Yes (*explain*):<br><br>Emergency Payroll Motion 12/21/20 [Docket #2] Order entered 12/23/20 [Docket #23]<br><br><br>☐ See attached continuation page(s). |
| **2.  Debtor-in-Possession (DIP) Financing**<br>Does the Debtor contemplate seeking post-petition financing (11 U.S.C. § 364)?<br><br>☐ **No** | ☒ Yes (*explain*):<br><br>Anticipates seeking DIP Financing to bridge to the sale of its business<br><br>☐ See attached continuation page(s). |
| **3.  Bank Accounts and Cash Management**<br>Is the Debtor seeking authority to maintain pre-petition bank accounts, or approval of any other cash management system?<br><br>☐ **No** | ☒ Yes (*explain*):<br><br>Emergency Cash Management Motion 12/21/20 [Docket #3]; Order entered 12/23/20 [Docket 22].<br><br>☐ See attached continuation page(s). |
| **4.  Extension to File Petition Documents**<br>Will the Debtor seek more time to file bankruptcy schedules ("Schedules") or Statement of Financial Affairs ("SOFA")?<br><br>☐ **No** (not necessary) | ☒ Yes (*explain*):<br><br>Application for Extension 12/30/20 [Docket #36] Order entered 01/05/21 [Docket #44]<br><br>☐ See attached continuation page(s). |
| **5.  Special Noticing procedures**<br>Will the Debtor seek to limit notice (or establish special noticing procedures)?<br><br>☐ **No** | ☒ Yes (*explain*):<br><br>Limit Notice Motion 12/21/20 [Docket#4] Order entered on 12/23/20 [Docket #25]<br><br>☐ See attached continuation page(s). |
| **6.  Customer Deposits**<br>Will the Debtor seek authority to honor customer deposits/obligations?<br><br>☐ **No** | ☒ Yes (*explain*):<br>Emergency Cash Management Motion 12/21/20 [Docket #3]; Order entered 12/23/20 [Docket 22].<br>☐ See attached continuation page(s). |
| **7.  Reclamation Claims**<br>Will the Debtor seek procedures for handling reclamation claims (including claims under 11 U.S.C. §§ 503(b)(9) & 546(c))?<br><br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 8                              **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **8. Omnibus Hearings**<br>Will the Debtor seek regularly scheduled omnibus hearing dates?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **9. Immediate Payment of Taxes**<br>Will the Debtor seek authority to pay taxes incurred before this case was filed?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **10. Sale Procedures**<br>Does the Debtor contemplate selling assets out of the ordinary course of business (*see* LBR 6004-1)?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **11. Employee Incentive/Severance Plans**<br>Will the Debtor seek to use incentive or severance plans for employees?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **12. Joint Case Administration**<br>Will the Debtor seek joint administration of this case with another case?<br><br>☒ **No**, there is no related case. | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **13. Claims/Noticing Agent Appointment**<br>Will the Debtor seek appointment of a claims/noticing agent (*see* Local Form **F 5075-1.1**)?<br><br>☐ **No** | ☒ Yes (*explain*):<br>Stretto App Dkt #56, Supp Dec Dkt#109; Tentative to Grant. Order Pending.<br>☐ See attached continuation page(s). |
| **14. Confidential Information**<br>Will the Debtor seek approval of an information access protocol under 11 U.S.C. § 1102(b)(3), or to file documents under seal (*see* LBR 5003-2(c))?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **15. Special Committees**<br>Are special committees needed (*e.g.,* retirees) (11 U.S.C. §§ 1102(a)(2), 1114(d)); or, if this is a small business case, should the court order that no committee be appointed (11 U.S.C. § 1102(d))?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                         Page 9                         **F 2081-1.1.C11.STATUS.RPT**

| 16. **Other First Day Motions**<br>Does the Debtor contemplate any other "first day" motions (whether or not listed in LBR 2081-1) – *e.g.,* a "critical vendor" motion?<br><br>☒ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
|---|---|

**C. CONSUMERS' CONFIDENTIAL INFORMATION** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor does NOT have possession, custody, or control of consumers' confidential information (*e.g.,* "personally identifiable information" per 11 U.S.C. § 101(41A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| 1. **Privacy Ombudsman Appointment**<br>Should a "consumer privacy ombudsman" be appointed (11 U.S.C. § 332)?<br><br>☐ **Yes** | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
|---|---|
| 2. **Costs of Record Maintenance or Destruction**<br>How will the Debtor arrange and pay for the maintenance, transfer, or destruction of consumers' confidential information? | ☐ *Explain*:<br><br><br>☐ See attached continuation page(s). |

**D. SINGLE ASSET REAL ESTATE ("SARE") CASE** ☒ **Check here and <u>skip this section</u>** if (a) this is NOT a "single asset real estate" case (11 U.S.C. § 101(51B)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| 1. **Interest Payments to Secured Creditor(s)**<br>Has the Debtor commenced paying postpetition interest to secured creditor(s), at the non-default interest rate, on the value of their interest in the real estate?<br><br>☐ **Yes**<br><br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ *Explain*:<br><br><br><br><br>☐ See attached continuation page(s). |
|---|---|
| 2. **Plan Filing**<br>Has the Debtor filed "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time" within the meaning of 11 U.S.C. § 362(d)(3)?<br><br>☐ **Yes**<br><br>☐ **No**, but the Debtor will do so within 90 days after the commencement of this case. | ☐ Explain:<br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 10                    **F 2081-1.1.C11.STATUS.RPT**

**E. SMALL BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "small business debtor" (11 U.S.C. § 101(51D)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below).

| | |
|---|---|
| **1. Small Business Duty Compliance**<br>Has the Debtor complied with *all* the duties in 11 U.S.C. § 1116 (including but not limited to maintaining adequate insurance and filing its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return)?<br><br>☐ **Yes** | ☐ No (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |
| **2. United States Trustee Inspection**<br>Has the United States Trustee inspected the Debtor's books, records and business premises (per 11 U.S.C. § 1116(7))?<br><br>☐ **Yes** | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **3. United States Trustee Interview**<br>Has the Debtor completed the "initial debtor interview" with the United States Trustee (28 U.S.C. § 586(a)(7))?<br><br>☐ **Yes** | ☐ No (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **4. Report Scheduling**<br>What schedule does the Debtor propose for filing the "periodic financial and other reports" required by 11 U.S.C. § 308 (*e.g.,* monthly with MORs)? | ☐ Monthly<br>☐ Other (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **5. Automatic Stay**<br>Is the automatic stay applicable?  *See* 11 U.S.C. § 362(n)(1) (which might eliminate the automatic stay if the Debtor was previously a small business debtor, or acquired substantially all of the assets or business of a small business debtor)?<br><br>☐ **Yes**, the automatic stay applies.<br><br>☐ **No**, the automatic stay does not apply, but the Debtor will seek relief under 11 U.S.C. § 362(n)(2). | ☐ No (*explain*):<br><br><br><br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                Page 11                                **F 2081-1.1.C11.STATUS.RPT**

| | |
|---|---|
| **F. HEALTH CARE BUSINESS** ☒ **Check here and <u>skip this section</u>** if (a) the Debtor is NOT a "health care business" (11 U.S.C. § 101(27A)) and (b) that *cannot be reasonably disputed* (if it could be disputed, explain below). | |
| **1. Patient Care Ombudsman**<br>Is appointment of a patient care ombudsman required (11 U.S.C. § 333)?<br>☐ **No** | ☐ Yes (*explain*):<br><br><br>☐ See attached continuation page(s). |
| **2. Costs of Patient Care or Transfer**<br>How will the Debtor arrange and pay for proper care or transfer of any patients, in the event that the Debtor's health care business is closed (*see* 11 U.S.C. § 704(a)(12), incorporated by 11 U.S.C. § 1106(a)(1))? | ☐ *Explain*:<br><br><br>☐ See attached continuation page(s). |

| | |
|---|---|
| **G. EMPLOYEE BENEFIT PLANS** ☐ **Check here and <u>skip this section</u>** if there is NO employee benefit plan (per 11 U.S.C. § 704(a)(11), incorporated by 11 U.S.C. § 1106(a)(1))? | |
| **1. Debtor's Plan Duties**<br>Was the Debtor, or any entity designated by the Debtor, an "administrator" of such a plan as of the commencement of this case?<br>☐ **No** | ☒ Yes (explain):<br><br>Transamerica 401k<br>#932300-00050<br>☐ See attached continuation page(s). |
| **2. Plan Administration**<br>What steps will the Debtor take to continue to administer such plan (11 U.S.C. §§ 521(a)(7), 704(a)(11), 1106(a)(1))? | ☒ Explain:<br><br><br>☐ See attached continuation page(s). |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 12                                    **F 2081-1.1.C11.STATUS.RPT**

**CONTINUATION PAGE**

D.  PROFESSIONALS

| Professional's Name | Employment App Filed | Employment Approved | Type of Employment |
|---|---|---|---|
| Stretto | January 8, 2021 | Order Pending | Claims, Noticing and Solicitation Agent |

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1301 Dove Street, Suite 500 Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 STATUS CONFERENCE REPORT (INITIAL)** will be served or was served in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 11, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ryan A Baggs**    rbaggs@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com
- **Ronald K Brown**    ron@rkbrownlaw.com
- **Sara Chenetz**    schenetz@perkinscoie.com, dlax@perkinscoie.com;cmallahi@perkinscoie.com
- **Mary L Fullington**    lexbankruptcy@wyattfirm.com, mfullington@wyattfirm.com
- **Evelina Gentry**    evelina.gentry@akerman.com, rob.diwa@akerman.com
- **Jonathan P Hersey**    jonathan.hersey@klgates.com
- **Matthew B Holbrook**    mholbrook@sheppardmullin.com, amartin@sheppardmullin.com
- **Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;Meir@wghlawyers.com
- **Christopher D Hughes**    chughes@nossaman.com
- **Dare Law**    dare.law@usdoj.gov
- **Keith C Owens**    kowens@foxrothschild.com, khoang@foxrothschild.com
- **Susan J Turner**    Susan.Turner@DMHC.CA.GOV
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:  On **February 11, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 11, 2021 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Document2

| | | |
|---|---|---|
| Vitality Health Plan of California, Inc.<br>18000 Studebaker Road, Suite 960<br>Cerritos, CA 90703 | United States Trustee (LA)<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017-3560 | **Vitality – Debtor – 20 Lgst – UST<br>– RSN - NEF**<br>**Doc No. 248815** |
| Christopher Do, M.D.<br>a Professional Corporation<br>Sole Proprietor<br>1569 Lexann Ave.<br>San Jose, CA 95121 | Convey Health Solutions<br>T. Fairbanks, CFO<br>100 SE 3rd Avenue, 26th Floor<br>Fort Lauderdale  FL 33394 | Doctors Hospital of Manteca<br>1205 E. North Street<br>Manteca, CA 95336-4932 |
| El Camino Hospital<br>Joan Kezic, VP<br>2500 Grant Rd.<br>Mountain View, CA 94040 | Good Samaritan Hospital<br>James Johnston<br>2425 Samaritan Dr.<br>San Jose, CA 95124-3908 | Heritage Oaks Hospital<br>4250 Auburn Blvd<br>Sacramento, CA 95841 |
| Kaiser Foundation Hospital<br>700 Lawrence Expy<br>Santa Clara, CA 95051-5173 | Kindred at Home<br>Attn:  Regional Director<br>4030 Moorpark Ave., Suite 251<br>San Jose, CA 95117 | Medcore HP<br>Maria Martinez, COO<br>2609 E. Hammer Lane<br>Stockton, CA 95210 |
| MedImpact Healthcare Systems<br>James Gollaher, CFO<br>10181 Scripps Gateway Court<br>San Diego, CA 92131 | O'Connor Hospital<br>George Hurrell<br>2105 Forest Ave<br>San Jose, CA 95128 | Physician Partners IPA<br>Attn:  Ann Nguyen<br>14221 Euclid Ave. Suite G<br>Garden Grove, CA 92843 |
| Regional Medical Center of San Jose<br>James Johnston<br>225 North Jackson Ave.<br>San Jose, CA 95116-1603 | Santa Clara County IPA<br>Janet Pulliam<br>1051 E Hillsdale Blvd, Suite 750<br>Pasadena, CA 91101 | Santa Clara Valley Medical<br>George Hurrell<br>751 S. Bascom Ave.<br>San Jose, CA 95128-2604 |
| Satellite Healthcare Silver Creek<br>1620 East Capitol Expressway<br>San Jose, CA 95121 | St. Louise Regional Hospital<br>George Hurrell<br>9400 No Name Uno<br>Gilroy, CA 95020 | Stanford Medical Center<br>Attn:  President<br>300 Pasteur Dr, MC 5500<br>Stanford, CA 94305-2200 |
| UCSF Medical Center<br>505 Paranusus Ave.<br>San Francisco, CA 94143-0810 | Washington Hospital<br>2000 Mowry Ave.<br>Fremont, CA 94538-1716 | |
| RSN 01/05/2021 [45]<br>MedImpact Healthcare Systems, Inc.<br>Keith C. Owens, Esq.<br>FOX ROTHSCHILD LLP<br>10250 Constellation Blvd., Suite 900,<br>Los Angeles, CA 90067 | RSN 01/05/2021 [45]<br>MedImpact Healthcare Systems, Inc.<br>Lori Winkelman, Esq.<br>Elizabeth Fella, Esq.<br>THE PHOENIX LAW GROUP, PLC<br>8765 E. Bell Road, Suite 101<br>Scottsdale, AZ  85260 | RSN 01/04/2021 [42]<br>Convey Health Solutions, Inc.<br>c/o Akerman LLP<br>Catherine Douglas Kretzschmar, Esq.<br>201 East Las Olas Blvd., Suite 1800<br>Ft. Lauderdale, FL 33301 |

-2-

1

2

3

**NEF [62] 1.12.21**                        **NEF [ 61] 1.12.21**                        **RREF II Cerritos, LLC      NEF [63]**
4   **AllCare**                                 Matthew B. Holbrook, Esq.                  **1.13.21**
Alan H. Martin, Esq.                       Sheppard, Mullin, Richter & Hampton LLP    Ronald K. Brown, Jr.
Sheppard, Mullin, Richter & Hampton LLP    650 Town Center Drive, 10th Floor          Law Offices of Ronald K. Brown Jr.
5   650 Town Center Drive, 10th Floor          Costa Mesa, California 92626-1993          901 Dove Street Suite 120
Costa Mesa, California 92626-1993                                                     Newport Beach, CA 92660

6

**NEF [80] 1/26/21**                        **NEF/RSN 1.25.21 [88]**                   **NEF [90] 1/29/21**
7   Mary L. Fullington, Esq.                   Eric J. Weissman                           Susan J. Turner
Wyatt, Tarrant  Combs, LLP                 Wilshire Pacific Capital Advisors          DMHC
250 West Main Street, Suite 1600           8447 Wilshire Blvd Suite 202               980 9th Street, Suite 500
8   Lexington, KY 40507                        Beverly Hills, CA 90211                    Sacramento, CA 95814

9

**NEF SERVICE LIST**                        **NEF SERVICE LIST**                       **NEF [43] and RSN SERVICE LIST**
10  Medcore HP                                 Sara L. Chenetz, Esq.                      Convey Health Solutions, Inc.
c/o Christopher D. Hughes, Esq.            Perkins Coie LLP                           c/o Akerman LLP
NOSSAMAN LLP                               1888 Century Park East, Suite 1700         Evelina Gentry, Esq.
11  621 Capitol Mall, Ste. 2500                Los Angeles, CA 90067                      601 West Fifth Street, Suite 300
Sacramento, CA 95814                                                                  Los Angeles, CA 90071

12

**NEF List**
13                                                                                     Atty Attorney for Interested Parties
Sanjay Patil; MacArthur Court Acquisition
Corp.; Excelera Investment 1, LLC;
Connected Care Health Services Inc.; Brian
14                                                                                     Gillan; and NPB Management Group, Inc.
Jonathan P. Hersey, Esq.
K&L GATES LLP
One Park Plaza 12th Floor
15                                                                                     Irvine, CA 92614

16

17

18

19

20

21

22

23

24

25

26

27

28